<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA BATISTA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BAYONNE, *et al.*,<br><br>    Defendants. | Case No. 2:25-cv-14943 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is *pro se* Plaintiff Joshua Batista's ("Batista") Motion to Remand (ECF No. 7) pursuant to 28 U.S.C. § 1447(c). Defendants City of Bayonne ("Bayonne"), Tumino's Towing ("Tumino's"), James DeNoble III ("DeNoble"), Mina Saleeb ("Saleeb"), and Sameh Hanna ("Hanna") (collectively, "Defendants") filed an Opposition on September 22, 2025. (ECF No. 12.) Batista filed a Reply on September 26, 2025. (ECF No. 14.) Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Batista's Motion to Remand is **GRANTED**, and Batista's request for attorneys' fees is **DENIED.**

  **I.**  **BACKGROUND**

  On July 22, 2025, one day after the events underlying this action allegedly occurred, Plaintiff brought this action against Defendants in the Superior Court of New Jersey. (Compl. (ECF No. 1 at 6).) On July 28, 2025, Plaintiff's process server served a summons and complaint on

Tumino's. (ECF No. 7, Ex. A.) On that same day, Plaintiff's process server served papers on Bayonne through the municipal clerk.[1] (*Id.*)

On August 27, 2025, Tumino's filed a Notice of Removal to remove the case to this Court pursuant to 28 U.S.C. §1441(a) under the Court's federal question jurisdiction in 28 U.S.C. §1331. (ECF No. 1 at 2.) None of the other defendants, however, joined in the Notice, and Tumino's did not otherwise indicate the consent of the other defendants to remove. (*See* ECF Nos. 1, 3.) The Court then ordered Tumino's to show cause why the matter should not be remanded on August 28, 2025. (ECF No. 3.) On September 2, 2025, counsel for Bayonne, Anthony P. Seijas, filed a Certification only on behalf of the City of Bayonne, stating (1) he and his firm were assigned the case on August 29, 2025, after the deadline for filing a notice of removal had passed, but (2) Bayonne consents to the removal.[2] (ECF No. 4.)

The next day, on September 3, 2025, Mr. Seijas filed a revised Certification, adding (1) the firm also represents DeNoble, Saleeb, and Hanna (collectively, "Individual Defendants"), and (2) all defendants consent to the removal (ECF No. 5), and Plaintiff filed this Motion to Remand (ECF No. 7). Defendants filed an Opposition on September 22, 2025 (ECF No. 12), to which they

---

[1] Plaintiff claims each defendant was properly served (ECF No. 7 at 3), while Defendants maintain DeNoble, Saleeb, and Hanna (collectively, "Individual Defendants") were never served (ECF No. 12 at 4, 6). Based on the Affidavit of Service appended to Plaintiff's Motion to Remand, it appears the Individual Defendants may have been served at the same time as Bayonne, and the municipal clerk is authorized to accept service for the Individual Defendants. (*See* ECF No. 7, Ex. A.) But Defendants disagree, stating in their Opposition that the Individual Defendants "have not heretofore been personally served with any summons and complaint by Plaintiff." (ECF No. 12 at 4.) As discussed further below, however, even if the Court agreed with Defendants, the outcome of this Motion to Remand would not change. *See infra* III.C. Therefore, the Court need not decide whether the Individual Plaintiffs were properly served. *Id.*

[2] Mary Anne Groh was, at the time, counsel for Tumino's, but not yet counsel for the other defendants. (*See* ECF No. 4 ¶ 1; ECF No. 5 ¶ 1; ECF No. 12-1 ¶ 2.) While Ms. Groh and Mr. Seijas are members of the same firm, neither Ms. Groh nor Mr. Seijas submitted certifications indicating that Tumino's consented to the removal. (*See* ECF Nos. 3, 4.)

2

attached a Certification by John F. Coffey, Bayonne's Law Director (ECF No. 12-1). Mr. Coffey certifies he spoke with Ms. Groh on August 26, 2025, and gave his oral consent to remove the matter to federal court. (*Id.* ¶ 3.) On September 26, Plaintiff filed a Reply. (ECF No. 14.)

## II.    LEGAL STANDARD

A notice of removal of a civil action must be filed by a defendant within thirty (30) days of receiving the complaint. 28 U.S.C. § 1446(b)(1). When a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The requirement that all defendants must join in or consent to removal is commonly referred to as the "rule of unanimity." Under this rule, the "failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c)." *Balazik v. County. Of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

"If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). "This rule is referred to as the 'last[-]served defendant rule.' Under the 'last[-]served defendant' rule, the defendant which was served last may remove the entire case within thirty days of being served." *Davis v. Yates*, Civ. A. No. 15-6943, 2016 WL 3921146, at *2 (D.N.J. July 20, 2016). However, if a later-served defendant files a notice of removal, earlier-served defendants must join in or consent to removal within thirty-days after the later-served defendant was properly served. 28 U.S.C. § 1446; *see Chagares v. Monmouth Med. Ctr.*, Civ. A. No. 21-20677, 2022 WL 3588103, at *3 (D.N.J. Aug. 22, 2022) (holding that removal was proper where a later-served defendant, who was added two years after the initial action was commenced, properly removed the case because all defendants joined in the notice of removal within thirty days of service of the later-

served defendant); *Cacoilo v. Sherwin-Williams Co.*, 902 F.Supp.2d 511, 518 (D.N.J. 2012); *Raju v. 315 Willow Ave. Condo. Ass'n*, Civ. A. No. 07-3743, 2008 WL 314561, at *2 (D.N.J. Jan. 28, 2008).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal [process]." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212–13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403.

### III.  DECISION

Plaintiff argues removal is procedurally defective in this case because Defendants failed to comply with the rule of unanimity. (ECF No. 7 at 1, 7.) In support of this argument, Plaintiff points out Bayonne and the Individual Defendants failed to join in the Notice of Removal or otherwise consent to removal within thirty (30) days of being served. (*Id.* at 3.) Plaintiff argues this procedural defect is fatal to Defendants' attempt to remove. (*Id.* at 4–5.)

4

Defendants do not dispute that Bayonne did not join in the Notice of Removal within thirty (30) days of being served. (*See* ECF No. 12 at 3.) Instead, Defendants attempted to cure this procedural defect in three ways. (*See* ECF Nos. 4, 5; ECF No. 12 at 4–7.) First, Defendants provided two certifications from Mr. Seijas after the thirty-day deadline had passed, stating all defendants consent to the matter being removed to federal court. (ECF Nos. 4, 5.) Second, Defendants argue although Bayonne did not join in the Notice of Removal, there had been *actual* consent before the thirty-day deadline in the form of oral consent from Bayonne's Law Director, Mr. Coffey. (ECF No. 12 at 6.) Third, Defendants argue because the Individual Defendants were never served, the clock had not begun as to those defendants and Bayonne may still consent to removal in accordance with 28 U.S.C. § 1446(b)(2)(C). (*Id.*)

### A. Post-hoc Consent

Mr. Seijas's post-hoc Certifications consenting to removal on behalf of Bayonne cannot cure Bayonne's failure to join in the Notice because it was filed after the prescribed 30-day deadline. Where a properly served defendant fails to join in or otherwise advise the court of its consent to removal within the prescribed thirty-day period under § 1446 (b), the Notice of Removal is facially defective, and any subsequent notice of consent filed after the thirty-day deadline is invalid as well. *See Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 ("The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected . . . .")

### B. "Actual" Consent

Defendants argue the failure to note the consent of all parties properly served in the Notice of Removal is not a fatal defect so long as "[t]he fact of consent . . . was given before the 30-day deadline." (ECF No. 12 at 6.) Therefore, Defendants argue, although the Notice "inadvertently did

5

not state that Tumino Towing's co-defendants consented to the removal," removal should nonetheless be allowed because Tumino's had obtained oral consent from its co-defendants prior to the thirty-day deadline. In support of this contention, Defendants cite *Cacoilo*, 902 F. Supp. 2d at 518, and *Couzens v. Donohue*, 854 F.3d 508, 513–15 (8th Cir. 2017).

Defendants cannot be allowed to circumvent the procedural requirements of § 1446(b) by claiming "actual" antecedent consent. First, removal statutes are to be construed strictly in favor of remand. *Samuel-Bassett*, 357 F.3d at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted). Second, removing defendants are duty-bound to secure the consent of all properly served parties and to advise the Court of such consent. *See Cacoilo*, 902 F. Supp. 2d at 522; *See also Pinnacle Choice, Inc. v. Silverstein*, Civ. A. No. 07-5857, 2008 WL 2003759, at *3 (D.N.J. May 6, 2008) (holding defendants' notice of removal to be procedurally deficient because at least one defendant did not join in the removal petition or advise the court of his desire to join within thirty days of being served).

### C. Pre-service Removal

Finally, Defendants fall back on the argument that, because the Individual Defendants were never served, "the clock [to file a Notice of Removal] has not begun" as to them. (ECF No. 12 at 6–7.) Defendants rely on the "last-served defendant rule," which states when "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446 (b)(2)(C).

If the Individual Defendants were properly served, then, together with Bayonne, they have failed to consent to removal within the thirty-day period, and this case should be remanded. *See* 28 U.S.C. § 1446(b); *Balazik,* 44 F.3d at 213. The Court, however, need not decide whether the

Individual Plaintiffs were properly served because Defendants may not rely on the last-served defendant rule given that the Individual Defendants' attempt at pre-service removal is impermissible. *See* 28 U.S.C. § 1446(b)(2)(C); *Davis*, 2016 WL 3921146, at *2. It is true that, were the Individual Defendants served later than Tumino's and Bayonne, the Individual Defendants could file for removal within thirty (30) days of their service and Tumino's and Bayonne could join regardless of their own dates of service. However, here, the Individual Defendants had not yet been served when they sought removal, which raises the question of whether they may remove the case at all.

In *Infinity Staffing Solutions, LLC v. Paramount Conversions, LLC*, Civ. A. No.17-10650, 2018 WL 3122326 (D.N.J. June 16, 2018), the Honorable Noel L. Hillman addressed the issue of pre-service removal in the context of untimely removal by one of the defendants. *Infinity Staffing*, 2018 WL 3122326 at *1. There, the defendants argued that, although they filed the notice of removal after thirty (30) days of service on one of the defendants, it was not untimely because the other defendant was never served. *Id.* Judge Hillman rejected that argument, observing "the requirement of service before removal discourages gamesmanship by setting clear parameters of accrual and wavier." *Id.* at 2. As the plaintiff in *Infinity Staffing* pointed out, were pre-service removal in this context to be allowed, "unserved defendants could swoop in at any time and remove the case to federal court, particularly when the unserved defendant is an insider of the served defendant." *Id.* at 3.

The Court agrees with Judge Hillman's assessment of this issue. Therefore, it finds the Individual Defendants may not remove the case before they are served, and Defendants' Notice of Removal is procedurally defective. Accordingly, Batista's Motion to Remand is **GRANTED**.

7

### D. Batista's Request for Attorneys' Fees

In connection with its Motion to Remand, Batista seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). The Court finds Defendants had an objective reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Pre-service removal is a live issue on which courts are divided, *see Infinity Staffing*, 2018 WL 3122326 at *2, and the parties dispute the efficacy of service on the Individual Defendants. In light of the uncertainty in the legal issue and facts, the Court finds Defendants had a good faith basis for its arguments.

Therefore, the request for attorneys' fees is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Batista's Motion to Remand (ECF No. 7) is **GRANTED**. Batista's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is **DENIED.** This matter is therefore **REMANDED** to the Superior Court of New Jersey, Law Division, Hudson County and the case is **CLOSED.** An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2026